UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY ROSEL,

Plaintiff,

v.

CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES,

Defendant.

No. 2:17-cv-0053 JAM AC P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner incarcerated at the California Institution for Men in Chino, under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with this putative civil rights action filed pursuant to 42 U.S.C. § 1983, concerning matters of which plaintiff was informed while he was incarcerated in the Sacramento County Jail. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, the undersigned recommends that this action be dismissed for failure to state a cognizable federal claim or otherwise establish federal subject matter jurisdiction.

## REQUEST TO PROCEED IN FORMA PAUPERIS

Plaintiff requests leave to proceed in forma pauperis. See ECF No. 2. However, because this court recommends the summary dismissal of this action, it also recommends that no fee be imposed.

LEGAL STANDARDS FOR SCREENING PLAINTIFF'S COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2). The court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

A district court must liberally construe pro se pleadings. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007)).

PLAINTIFF'S ALLEGATIONS

Plaintiff sues the "California Correctional Health Care Services (CCHCS) Chief Executive Office-Manager-Employee (Jane/Jon Doe, 1-5)." See ECF No. 1. The complaint alleges that plaintiff's personal identifying information and private health information were improperly disclosed to unknown third parties due to the theft of a laptop from an unidentified CCHCS employee. Attachments to the complaint demonstrate that, while incarcerated at the Sacramento County Jail, plaintiff was informed by a May 31, 2016 letter from CCHCS that his personal information may have been disclosed. The letter, sent individually to all potentially impacted prisoners, states that on April 25, 2016, CCHCS identified a "potential breach" of inmates' "Personally Identifiable Information and Protected Health Information" due to the February 25, 2016 theft of "[a]n unencrypted laptop . . . from a CCHCS workforce member's personal vehicle," although "[t]he laptop was password protected in accordance with state protocol." ECF No. 1 at 4. The letter states that CCHCS does not know whether any sensitive

information was contained in the laptop and, even if it was, does not know whose information may have been included. Id.

After plaintiff's transfer to Deuel Vocational Institution, he sought to determine, through that prison's administrative grievance procedure, whether his personal information had been compromised. Plaintiff was informed, inter alia, that the results of the administration's internal review "indicate that no information was likely to have been compromised as the computer was password protected." Id. at 12. Plaintiff was provided contact information for three credit bureaus to ascertain whether he had in fact been subject to identity fraud. Id. at 10-1, 13.

The complaint asserts claims under the Fourth Amendment and "all federal laws" protecting personal privacy and the patient-doctor relationship. Plaintiff seeks $100,000 in compensatory damages "for negligence and violating plaintiff's civil rights (state and federal)," assistance in changing plaintiff's name, driver's license, and social security number, and transfer to another prison due to his previous association with prison gangs. Id. at 3.

SCREENING OF PLAINTIFF'S COMPLAINT

Significantly, there is no evidence that plaintiff's confidential information was improperly obtained by a third party. Because plaintiff's allegations are entirely speculative, they fail to meet the "plausibility" requirement for stating a cognizable federal claim. To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

More importantly, because plaintiff is unable to demonstrate an "injury in fact," this court is without jurisdiction to consider his claims under the case or controversy requirement of Article III, Section 2 of the Constitution. To meet this requirement, a plaintiff must show "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

Although potential future harm can in some instances confer standing, the plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical." Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation marks omitted) (theft of a laptop *known* to contain plaintiffs' unencrypted names, addresses, and social security numbers sufficient to confer standing). Because the alleged harm in the instant case is both conjectural and hypothetical, plaintiff does not have standing to pursue this action.[1]

Nor does plaintiff's putative state law negligence claim confer federal subject matter jurisdiction. See Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff ] to demonstrate a violation of federal law, not state law."). In the absence of a cognizable federal claim, this court should not exercise supplemental jurisdiction over plaintiff's putative state law claim. Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) (district court has discretion to decline to exercise supplemental jurisdiction over state law claims upon dismissal of all claims over which it has original jurisdiction).

## NO LEAVE TO AMEND

For these reasons, this court finds that the allegations of plaintiff's complaint fail to state a cognizable federal claim or otherwise establish federal subject matter jurisdiction, and that these deficiencies cannot be cured by amendment. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without leave to amend;

2. No fee be imposed pursuant to plaintiff's application to proceed in forma pauperis; and

[1] Even if plaintiff could state a cognizable claim, he has failed to name a proper defendant. Neither CCHCS nor its executive director are "persons" subject to suit under Section 1983, which does not apply to states, state entities, or state employees acting in their official capacities. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); see also Kentucky. Graham, 473 U.S. 159 (1985). Nor can a CCHCS administrator be held liable for the negligence of an employee under a respondeat superior theory. See Ashcroft, 556 at 679. Further, "Doe" defendants are disfavored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 24, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE